IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] GIOVANNI CORDERO RIVERA,
[2] DANNY SERRANO MORALES,

Defendants

CRIMINAL 05-331 (DRD)

## ORDER OF DETENTION PENDING TRIAL
## AS TO CO-DEFENDANT GIOVANNI CORDERO RIVERA

Under 18 U.S.C. § 3141 et seq., judicial officers are required to release defendants arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendants' appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendants detained without bond. 18 U.S.C. § 3142(e).

On September 20, 2005, I held a preliminary and detention hearing as to both defendants and found probable cause that both violated 18 U.S.C. §§ 2 and 2119(1). In relation to an additional weapons charge in the complaint, I determined that there was no probable cause because the instrument in question

CRIMINAL 05-331 (DRD)         2

did not comply with the definition of firearm under 18 U.S.C. § 921(a)(3) sufficient to provide an element of the charging statute, 18 U.S.C. § 924(c). The United States had moved to detain the defendants, since the defendants are charged with a crime of violence under 18 U.S.C. § 3142(f)(1)(A), as "crime of violence" is defined in 18 U.S.C. § 3156(a)(4)(A).  See United States v. Mitchell, 23 F.3d 1, 3-4 (1st Cir. 1994).

Parties have been fully heard by extensive proffer. I have previously ordered detained Danny Serrano Morales and took under advisement co-defendant Cordero Rivera because of the favorable details presented by his attorney. The very nature of this case, but also details of the offense as it was committed weigh heavily in my decision to order Giovanni Cordero Rivera detained pending trial. He was a willing participant in the criminal activities of Serrano, knowing also the reputation of the defendant prior to the evening of the events, September 10, 2005. Co-defendant Cordero did not just go along for the ride, or was merely present, but provided a necessary support in terms of lookout while watching Serrano perform the September 10 robbery, following him from one site to the other. While this crime may or may not have been an episode in the defendant's life, it is a grave one that reflects a criminal callousness which, in my opinion, makes him a danger to the community. I adopt the information in the report of the Pretrial Services officer by reference

CRIMINAL 05-331 (DRD)            3

if not the recommendation although I acknowledge that defendant has strong community and family ties.

I find that there are no conditions or combination of conditions which will reasonably assure the safety of any other person or the community. It is

ORDERED that Giovanni Cordero Rivera be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the defendant continue to be afforded reasonable opportunity to consult with his attorney in private. It is further

ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceedings.

In San Juan, Puerto Rico, this 20th day of October, 2005.

                                       S/JUSTO ARENAS
                           Chief United States Magistrate Judge